(59 App. Div. 55.)

### LAWRENCE v. FREEMAN.

(Supreme Court, Appellate Division, Second Department. March 8, 1901.)

**1. NEW YORK MUNICIPAL COURT—JURISDICTION—RESIDENCE—EVIDENCE.**

Where a contract dictated and signed by defendant in an action brought by a nonresident in the municipal court of New York City describes him as "F., of the borough of Brooklyn, city of New York," and defendant testified that he resided at Saratoga Springs, and that his stenographer incorrectly described him as above, and he signed the contract inadvertently, the finding that defendant was a resident of New York City was sufficiently supported by the proof, and the court had jurisdiction of the case.

**2. ABATEMENT—ANOTHER SUIT PENDING—IDENTITY OF SUBJECT-MATTER.**

Where a person by alleged false representations procured $500, and further induced the execution of a certain contract reciting that such money was "advanced," but not showing for what purpose, a suit for a breach of the contract did not involve the same subject-matter as a suit to recover the money obtained by fraud, and the pendency of the former was no bar to the prosecution of the latter action.

**3. APPEAL—OBJECTION NOT RAISED ON TRIAL.**

Where the contention that plaintiff was precluded from recovering on the ground of fraud, because of an alleged affirmance of the contract, was not raised at the trial, it will not be considered on appeal.

Appeal from municipal court, borough of Manhattan.

Action by William S. Lawrence, trustee, etc., against Walter K. Freeman. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Charles J. Patterson, for appellant.
Furlong & O'Connell, for respondent.

PER CURIAM. The action is to recover back the sum of $500 alleged to have been obtained by the defendant from the plaintiff by fraud and deceit. The plaintiff was concededly a resident of Kalamazoo, Mich., and the jurisdiction of the municipal court to try this action is based on the alleged residence of defendant in the borough of Brooklyn, city of New York. Upon the trial, plaintiff introduced in evidence the written contract between the parties, dictated and signed by defendant, in which defendant is described as "Walter K. Freeman, of the borough of Brooklyn, city of New York." On the other hand, defendant gave evidence tending to explain this description, as consistent with his nonresidence in New York City. This evidence was to the effect that he was a resident of Saratoga Springs, and that in dictating the contract he left the caption for his stenographer to fill in, which she did incorrectly, and that he signed the contract without noticing her mistake. We deem the finding by the court that the defendant was a resident of New York City to be sufficiently supported by the proof.

The parties entered into a contract, the complete terms of which need not be set forth, but which, among other things, provided for the incorporation of a company by plaintiff, and that plaintiff should "advance" $500 to defendant, which money defendant agreed to re-

turn to plaintiff if the corporation was not organized within a speci-fied period of time. The corporation was not organized within the time specified, and plaintiff now sues to recover back the $500, al-leging that he was induced to part with the money because of de-fendant's fraud and deceit. If the trial justice believed the evidence adduced by plaintiff, there is enough proof of fraud to support the judgment in this case. While the evidence is conflicting, we see no reason to disturb the conclusion reached in the court below.

The claim is made that there is another action now pending in the supreme court between these parties, involving the same subject-matter as this action. The action in the supreme court was insti-tuted to recover damages for an alleged breach of contract, whereas this action has been instituted to recover the $500 alleged to have been obtained because of the false and fraudulent representations, which appear also to have been effective in inducing the execution of the contract. The defendant, by the representations, appears to have obtained both the contract and the money; the one having no ap-parent relation to the other, excepting that the money is said to be "advanced," but for no purpose discoverable in the instrument itself. An action to recover damages for breach of the contract is not for the same cause of action as one to procure a restitution of the money.

Appellant's contention that plaintiff is precluded from a recovery on the ground of fraud and deceit because of an alleged affirmance of the contract by an election of remedies was not raised during the trial, and cannot be raised for the first time here, even assuming (which we do not) that it possesses merit.

We do not deem it necessary to discuss appellant's exceptions to rulings. They have been examined, and no error is found.

The judgment should be affirmed.